IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

Assigned on Briefs February 12, 2003

## STATE OF TENNESSEE v. CHRISTINA B. JONES

**Direct Appeal from the Circuit Court for Williamson County**
**No. I-1101-357-A      Donald P. Harris, Judge**

---

**No. M2002-02428-CCA-R3-CD - Filed June 23, 2003**

---

Defendant, Christina B. Jones, pled guilty to the offense of theft of property over $1,000, a Class D felony. Pursuant to a negotiated plea agreement, Defendant received a sentence of two years with the manner of service to be determined by the trial court. Following a sentencing hearing, the trial court ordered Defendant to serve ninety days in confinement and four years on probation. The trial court also ordered Defendant to complete her GED, obtain full-time employment, and pay restitution in the amount of $1,750 to be paid at the rate of fifty dollars per month. In this appeal, Defendant argues that the trial court erred by denying her request for alternative sentencing and by imposing the same sentence that her co-defendant received. After a careful review of the record, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which GARY R. WADE, P.J., joined. JOSEPH M. TIPTON, J., filed a dissenting opinion.

Stacey M. Brackeen, Franklin, Tennessee, for the appellant, Christina B. Jones.

Paul G. Summers, Attorney General and Reporter; David H. Findley, Assistant Attorney General; Ronald L. Davis, District Attorney General; and Derek K. Smith, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

At the sentencing hearing, the victim, Denise Pontremoli, testified that on July 17, 2001, she discovered that her truck was missing. The following night, the Williamson County Sheriff's Department notified her that her vehicle had been recovered. The victim described the condition in which the police found her vehicle. The vehicle was damaged and in disrepair, and several personal items had been taken from the truck, including her husband's tools, which were valued at $6,100. The tools were recovered from a pawn shop, having been pawned under the co-defendant's name. The victim testified that she suffered out-of-pocket damages in an amount over $3,500.

Defendant's co-defendant, Sonny Cox, testified that Defendant's boyfriend, DeWayne, picked him up at his house in the victim's stolen truck. Cox testified that he did not notice the broken steering column and did not know that the vehicle had been stolen. DeWayne asked Cox to help him pawn the tools in the toolbox, which was bolted to the bed of the truck. Cox unbolted the tools and pawned them, but he did not suspect that they were stolen. Later that same day, Defendant and Cox drove to Franklin, Tennessee, to get some money from some people whom Defendant knew. Cox testified that they were going to return to Nashville to get a motel room and "get messed up" on alcohol and marijuana. On their way back to Nashville, they stopped at a Golden Gallon convenience store, and Cox stole a twelve-pack of beer. He testified that Defendant encouraged him to steal the beer. Shortly after Cox stole the beer, the police stopped Cox and Defendant in the stolen vehicle. Defendant was driving. The presentence report reveals that Cox had a history of theft arrests and convictions. He was arrested for the theft of another vehicle while awaiting sentencing in this case.

Defendant testified at the sentencing hearing that she was living with her boyfriend, DeWayne, and their four-month-old daughter. She had been unemployed for one year, and was looking for employment. As to the events surrounding the offense, Defendant testified that Cox drove to DeWayne's house in the stolen truck. She knew that the vehicle was stolen, but she rode in it anyway. She testified that she later drove the truck because she felt unsafe with Cox driving, and he had disregard for other people's lives. She testified that she stayed inside the vehicle while Cox stole the twelve-pack of beer. She denied encouraging him to steal the beer.

Defendant admitted that while on bond for the offense in this case, she was arrested for another theft offense, committed only one week prior to the commission of the offense in this case. Regarding that offense, Defendant testified that Cox had stolen her father's truck in her presence, but she did not provide any assistance. The presentence report reveals that Defendant pled guilty to the offense of theft under $500, and she received six months probation, which she successfully completed prior to her sentencing in this case. Defendant testified that she had no other criminal convictions.

The trial court imposed the same sentences on Defendant and her co-defendant. The trial court stated that it found no reason to treat Defendant and Cox differently. In sentencing Defendant and Cox, the trial court considered the testimony of both defendants and the presentence reports. The trial court found that both defendants had prior theft convictions; neither defendant had completed a high school education; neither defendant had a stable record of employment; and both defendants had children born out of wedlock. The trial court also found that the fact that Defendant became pregnant after her arrest in this offense shows that she was irresponsible.

Under the Tennessee Criminal Sentencing Reform Act, Tenn. Code Ann. §§ 40-35-101, *et seq.*, there is no requirement that sentences imposed on co-defendants be the same. Sentencing issues must be decided in light of the unique facts and circumstances of each case. *See State v. Taylor*, 744 S.W.2d 919, 922 (Tenn. Crim. App. 1987). Defendant argues that she had only one prior offense, resulting in a sentence of probation, which she successfully completed. In contrast,

she argues, Cox had an extensive history of criminal behavior, and he was arrested on a similar charge while awaiting sentencing in this case and while on probation for a previous offense. Defendant was arrested on the same charge while awaiting sentencing in this case. We conclude that the same sentence for both defendants was appropriate in this case. Both defendants were involved in more than one incident of theft, including the theft of Defendant's father's truck, the beer from the Golden Gallon, and the theft of the victim's car.

Defendant challenges the manner in which the trial court ordered her sentence to be served. This court's review of the sentence imposed by the trial court is *de novo* with a presumption of correctness. Tenn. Code Ann. § 40-35-401(d) (1997). This presumption is conditioned upon an affirmative showing in the record that the trial judge considered the sentencing principles and all relevant facts and circumstances. *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991). If the trial court fails to comply with the statutory directives, our review is *de novo* with no presumption of correctness. *State v. Poole*, 945 S.W.2d 93, 96 (Tenn. 1997). The burden is upon the appealing party to show that the sentence is improper. Tenn. Code Ann. § 40-35-401(d) (1997), Sentencing Commission Comments.

Our review requires an analysis of: (1) the evidence, if any, received at the trial or sentencing hearing; (2) the presentence report; (3) the principles of sentencing and the arguments of counsel relative to sentencing alternatives; (4) the nature and characteristics of the offense; (5) any mitigating or enhancing factors; (6) any statements made by the defendant in her own behalf; and (7) the defendant's potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-102, -103, and -210 (1997). In order to allow for meaningful appellate review,

> the trial court must place on the record its reasons for arriving at the final sentencing decision, identify the mitigating and enhancement factors found, state the specific facts supporting each enhancement factor found, and articulate how the mitigating and enhancement factors have been evaluated and balanced in determining the sentence.

*State v. Poole*, 945 S.W.2d at 96 (quoting *State v. Jones*, 883 S.W.2d 597, 599 (Tenn. 1994)).

Defendant argues that the trial court erred by denying her request for alternative sentencing. Defendant misstates the issue in this appeal. The trial court ordered a sentence of split confinement, which is an alternative sentence. Tenn. Code Ann. § 40-35-104(c)(5) (1997). The issue in this appeal, therefore, is whether the trial court erred by denying full probation.

A defendant is eligible for full probation if the sentence imposed is eight years or less, subject to some statutory exclusions. Tenn. Code Ann. § 40-35-303(a) (1997). Although full probation must be automatically considered by the trial court as a sentencing alternative whenever the defendant is eligible, "the defendant is not automatically entitled to probation as a matter of law." Tenn. Code Ann. § 40-35-303(b), Sentencing Commission Comments; *State v. Hartley*, 818 S.W.2d 370, 373 (Tenn. Crim. App. 1991).

To meet the burden of establishing her suitability for full probation, Defendant must demonstrate that probation will "subserve the ends of justice and the best interest of both the public and the defendant." *State v. Bingham*, 910 S.W.2d 448, 456 (Tenn. Crim. App. 1995), *overruled on other grounds*, *State v. Hooper*, 29 S.W.3d 1, 9-10 (Tenn. 2000). In determining whether to grant full probation, a trial court should consider: (1) the nature and circumstances of the criminal conduct involved, Tenn. Code Ann. § 40-35-210(b)(4) (1997); (2) the defendant's potential or lack of potential for rehabilitation, including the risk that during the period of full probation the defendant will commit another crime, *see* Tenn. Code Ann. § 40-35-103(5) (1997); (3) whether a sentence of full probation would unduly depreciate the seriousness of the offense, Tenn. Code Ann. § 40-35-103(1)(B) (1997); and (4) whether a sentence other than full probation would provide an effective deterrent to others likely to commit similar crimes, Tenn. Code Ann. § 40-35-103(1)(C) (1997). *See Bingham*, 910 S.W.2d at 456. The trial court may also consider the defendant's lack of credibility, as it reflects on the defendant's potential for rehabilitation. *State v. Chestnut*, 643 S.W.2d 343, 353 (Tenn. Crim. App. 1982).

We conclude that Defendant has failed to carry her burden that she is entitled to a sentence of full probation. We find evidence to support the finding that some period of confinement is necessary. The trial court properly considered Defendant's prior theft conviction, committed only days before she committed the offense in this case, as evidence of her lack of potential for rehabilitation. Additionally, Defendant's arrest for that offense was prompted by her parents. For her prior conviction, Defendant received six months' probation. We recognize that Defendant successfully completed her term of probation for the prior offense. Nevertheless, Defendant's actions show a clear disregard for the law, and she denied responsibility in her testimony at the sentencing hearing. She knew the vehicle had been stolen, and she was driving it anyway despite recently having been involved in a similar episode. Furthermore, there was proof that she encouraged Cox to steal the beer.

## CONCLUSION

We affirm the judgment of the trial court.

_____
THOMAS T. WOODALL, JUDGE